[Crim. No. 7167.    First Dist., Div. Four.    July 23, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. PETER LUTHER KOPP, Defendant and Appellant.

---

*Assigned by the Chairman of the Judicial Council.

R. Eugene Vernon, under appointment by the Court of Appeal, and Casalina & Lang, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Robert R. Granucci and John F. Henning, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

CHRISTIAN, J.—Appellant Peter L. Kopp was convicted after trial by jury of two felonies: possession of a firearm by a person with a prior felony conviction (Pen. Code, § 12021), and second degree murder (Pen. Code, § 187) ; the jury found that appellant had previously been convicted of a violation of 18 United States Codes, section 2312 (interstate transport of stolen automobile). Appellant contends that both convictions must be reversed because of erroneous consolidation of the charges against him, erroneous admission of evidence, and erroneous jury instructions. Appellant is correct on the last point, and we therefore reverse as to the murder count.

A love affair developed between appellant and Ingeborg

Krings, the wife of the homicide victim. In January, March and June of 1967, fistfights between appellant and decedent Klaus Krings took place. Appellant got the worse of each of these altercations.

On the evening of September 5, 1967 appellant broke into the basement below the Krings' apartment in an attempt to determine whether Mrs. Krings was at home. Klaus went to the basement and another fight ensued. During this fight appellant fatally stabbed Klaus, apparently with a screwdriver.

On motion of the district attorney, the resulting murder information was consolidated for trial with an information charging violation of Penal Code section 12021 in connection with an earlier violent encounter between appellant and Klaus. Appellant did not contend at trial that he had not killed Klaus Krings, but only that it was justifiable homicide. The jury evidently rejected this theory and brought in guilty verdicts on both of the charges against appellant.

■ Appellant's only contention with respect to the conviction under section 12021 is that the trial judge erred in granting the prosecution's motion to consolidate the two charges against appellant for trial. However, counsel for appellant expressly declared that he had no objection to the motion for consolidation at the time it was granted. ■ Failure to object to consolidation constitutes a waiver of the right to a separate trial on the different charges and precludes appellant from urging that such consolidation was error on appeal. (*People* v. *Van De Wouwer* (1949) 91 Cal.App.2d 633, 640 [205 P.2d 693]; cf. *People* v. *Stadnick* (1962) 207 Cal. App.2d 767, 774 [25 Cal.Rptr. 30, 99 A.L.R.2d 766].) We therefore affirm the judgment of conviction of violation of Penal Code section 12021.

■ Appellant's first contention regarding the murder conviction is that the trial judge abused his discretion in admitting a certain photograph into evidence. The photograph in question depicted a wound on the inside of the victim's lower lip; it was used to illustrate the testimony of the physician who performed an autopsy upon the victim. This photographic evidence was relevant on the question of the extent of the fistfight which preceded the fatal stabbing; it thus bore on appellant's claim that the homicide was justified by self-defense.

■ "Whether the probative value of photographs offered into evidence outweighs the possible prejudicial effect is a

question for the trial court in the exercise of its judicial discretion.'' (*People* v. *Harrison* (1963) 59 Cal.2d 622, 627 [30 Cal.Rptr. 841, 381 P.2d 665].) ▮▮ Counsel for appellant objected to the introduction of this photograph at trial on the ground that it was unnecessary. However, the trial judge's decision whether to admit evidence does not depend upon necessity, but upon relevance. (*People* v. *Harrison, supra,* at pp. 627-628.) In light of the comparatively non-inflammatory nature of the photograph and its obvious relevance to a material issue, we reject appellant's contention that the trial judge abused his discretion in admitting this evidence.

▮▮ Appellant's major contention with respect to the murder conviction is that the trial judge erred in giving instructions which authorize the jury to find appellant guilty of second degree murder if they found the killing of Klaus Krings to be ''a direct causal result of the perpetration or the attempt to perpetrate a felony inherently dangerous to human life, such as assault with a deadly weapon, . . .'' The California Supreme Court has recently held that such an instruction is not to be given when it ''is based upon a felony which is an integral part of the homicide and which the evidence produced by the prosecution shows to be an offense included *in fact* within the offense charged.'' (*People* v. *Ireland* (1969) 70 Cal.2d 522, 539 [75 Cal.Rptr. 188, 450 P.2d 580], as modified.) As the *Ireland* opinion indicates, the vice in giving a second degree felony-murder instruction in such a case is that it takes the issue of malice from the jury (*id.* at pp. 538-539).

The People admit that the giving of the instruction was erroneous in this case, but contend that the error was harmless. This contention is based upon *People* v. *Fain* (1969) 70 Cal.2d 588 [75 Cal.Rptr. 633, 451 P.2d 65], in which the Supreme Court held that the erroneous use of the second degree felony-murder instruction was not reversible error where the appellant's sole defense at trial was an alibi. The *Fain* opinion points out that the effect of the instruction in *Ireland* was to substantially eviscerate the defense of diminished capacity, which goes to the element of malice affected by the erroneous instruction.

The People contend that appellant's sole defense at trial was that the homicide was justifiable as self-defense and that this theory was not affected by the erroneous instruction. While it is true that justifiable homicide was the verdict sought by appellant, it does not follow that he was not preju-

diced by the giving of the second degree felony-murder instruction. Both counsel and the trial judge explained the elements of voluntary and involuntary manslaughter to the jury, as well as murder and justifiable homicide. The distinguishing feature of manslaughter is that it does not involve malice aforethought. As the erroneous instruction potentially relieved the jury of its duty to determine whether appellant had such malice, it had the possible effect, condemned in *Ireland*, of allowing a second degree murder verdict to be returned in the absence of a finding that malice was present.

The probability that appellant suffered prejudice from this error is underscored by the fact that the jury interrupted their deliberations to request and receive a repetition of the instructions on murder and manslaughter. In these circumstances the giving of an improper instruction which potentially removed from the case the question of malice may not be dismissed as harmless error.

Although the error discussed above could readily be avoided on retrial, we are advised by the Attorney General that because an essential witness is absent retrial is impracticable. Therefore, the judgment of the trial court of second degree murder is modified and the cause remanded to the trial court with directions to enter judgment against defendant finding him guilty of voluntary manslaughter and thereupon to pronounce judgment upon him as prescribed by law. The judgment of conviction of violation of section 12021 of the Penal Code is affirmed.

Devine, P. J., and Rattigan, J., concurred.

A petition for a rehearing was denied August 12, 1969, and the opinion was modified to read as printed above.